

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-5186
Re: Does House Bill No. 264,
Forty-eighth Legislature,
appropriate and now make
available for expenditure
all or either of the bal-
ances remaining unused in
the Employment Agency Fee
Account at the close of
the fiscal years ending
in 1940, 1941, or 1942?
And other related questions.

This is with reference to your recent letter read-
ing in part as follows:

"On March 17, 1943, the Governor approved
House Bill No. 264 providing for a new Employ-
ment and Labor Agency Law. Section 4 of the
bill reads as follows:

"'Sec. 4. Disposition of License Fees Col-
lected. Until September 1, 1943, the Commission-
er shall deposit with the State Treasurer as
provided by law all moneys received by him from
license fees under the provisions of this Act,
to be held in a separate fund known as the
'employment agency fund' and to be used for
expenses incurred in inspecting, regulating and
printing blank forms to be furnished such em-
ployment agencies by the Commissioner and the
same, together with balance on hand in such fund
on the effective date of this Act, is hereby ap-
propriated for said purpose, and all such ex-
penditures shall be verified by the person to
whom such payments are made and on the approv-
al of such expenditures by the Commissioner it

Honorable George H. Sheppard, page 2

shall be the duty of the Comptroller of the State to draw his warrant on the Treasurer of the State for the amount of such expenditures in favor of the person claiming the same, to be paid out of the 'employment agency fund.'  On September 1, 1943, all moneys remaining in such special fund and all moneys thereafter received by the Commissioner from license fees under this Act shall be paid into and become a part of the General Revenue Fund.'

"For some years the Employment Agency Fees collected under the law repealed by the above act have been deposited in the General Revenue Fund and placed to the credit of a special account carried in the Comptroller's Appropriation Ledgers as 'Employment Agency Fee Account.'

"The Forty-fifth Legislature appropriated these fees by placing in the general appropriation bill the following:

"'All employment agency license fees, together with any unexpended balance of such fees remaining on hand at the end of any fiscal year are hereby appropriated for the purpose of supervising employment agencies and the distribution of farm labor, including salaries and other necessary expenses for each of the fiscal years ending August 31, 1938 and August 31, 1939, and that no supervisor or other employee shall be paid more than $135 per month out of such fees.  All monies collected for employment agency license fees shall be deposited in the State Treasury in a special fund known as "The Private Employment Agency Fund."'

"The Forty-sixth Legislature placed in its general appropriation bill the following:

|  | For the Years Ending | |
| --- | --- | --- |
|  | August 31 1940 | August 31 1941 |
| (Out of Employment Fund) | | |
| 1 Supervisor.................. | $2,100.00 | $2,100.00 |
| 2 Assistant Supervisor....... | 1,500.00 | 1,500.00 |

Honorable George H. Sheppard, page 3

| | | |
|---|---|---|
| 3 Stenographer,.................. | $1,350.00 | $1,350.00 |
| 4 Traveling expenses......... | 500.00 | 500.00 |
| 5 Stationery, printing, postage, office supplies, telephone, telegraph and express...................... | 200.00 | 200.00 |
| Total from Employment Fund | $5,650.00 | $5,650.00 ' |

"Subject to the limitations set forth in the provisions appearing at the end of this Act, all employment agencies, license fees, together with any unexpended balance of such fees remaining on hand at the end of the fiscal year, are hereby appropriated for the purpose of supervising employment agencies and the distribution of farm labor, for each of the fiscal years ending August 31, 1940, and August 31, 1941.'

"The Forty-seventh Legislature placed in its general appropriation bill the following:

| | For the Years Ending | |
|---|---|---|
| "' | August 31, 1942 | August 31, 1943 |
| (Out of Employment Agency Fees) Salaries and Maintenance: | | |
| 18. Supervisor................ | $2,100.00 | $2,100.00 |
| 19. Assistant supervisor.... | 1,500.00 | 1,500.00 |
| 20. Stenographer............ | 1,350.00 | 1,350.00 |
| 21. Traveling expenses...... | 500.00 | 500.00 |
| 22. Stationery, printing, postage, office supplies, telephone, telegraph and express............... | 500.00 | 500.00 |
| Total from Employment Agency Fees | $5,950.00 | $5,950.00 ' |

"There was no rider on this bill.

"At the close of the fiscal year ending August 31, 1939, there was an unused balance of $529.26 which was carried forward on the Comptroller's books to the next year account.

Honorable George H. Sheppard, page 4

"At the close of the fiscal year ending August 31, 1940, there was an unused balance of $3,981.31. This balance was _not_ carried forward although it could have been and probably would have been if the need had arisen.

"At the close of the fiscal year ending August 31, 1941, there was an unused balance of $1,898.27 of that year receipts. This balance was _not_ carried forward because the new biennial appropriation bill failed to appropriate 'any unexpended balance' as the previous bill had done.

"At the close of the fiscal year ending August 31, 1942, there was an unused balance of $1,464.54 of that year receipts. This balance was _not_ carried forward for the reason stated next above.

"At the effective date of House Bill No. 264 there was an unexpended unencumbered balance of approximately $1,500.00 in the current fiscal year account. The fees now being collected under the new act are being deposited in a special fund in the Treasury which, in keeping with the act, is titled 'Employment Agency Fund.' It is separate and apart from General Revenue Fund.

"In order that the Labor Commissioner and the Comptroller might know just what moneys are now available for expenditure in this connection your answers to the following questions are respectfully requested:

"1. Does House Bill No. 264 appropriate and now make available for expenditure all or either of the balances remaining unused in the Employment Agency Fee Account at the close of the fiscal years ending in 1940, 1941, or 1942?

"2. Does House Bill No. 264 appropriate the Employment Agency Fees collected since August 31, 1942, and which now remain unexpended and

Honorable George H. Sheppard, page 5

unencumbered in the special account in General
Revenue Fund?

"3. If you answer question No. 2 in the
negative, then are the fees still available un-
der the general appropriation bill for the pay-
ment of the items set out in that bill?

"4. If you answer either question 1 or 2
in the affirmative, then would the Comptroller
be authorized to transfer any of such balance or
balances from the General Revenue Fund into the
'Employment Agency Fund' referred to as a spe-
cial fund?

"....."

Your attention is directed to the particular wording
and phraseology of the above quoted section:

".... The commissioner shall deposit with
the State Treasurer ... all moneys received by
him ... to be held in separate fund known as
the 'employment agency fund' ... and the same
together with balance on hand in such fund on the
effective date of this Act, is hereby appropriat-
ed, ... etc. ...." (Emphasis ours)

In enacting the above quoted provision into law, the
Legislature may have assumed that there existed a balance on
hand in a fund designated as the "employment agency fund." If
such were the case it was a mistaken assumption.

It is true, as pointed out in your letter, that the
45th Legislature enacted into law the following provisions:

".... All moneys collected for employment
agency license fees shall be deposited in the
State Treasury in a special fund known as 'The
Private Employment Agency Fund.'" (Emphasis
ours)

In an effort to render effective the obviously in-
tended appropriation in Section 4 of House Bill No. 264,
supra, we might assume that the Legislature intended to ap-
propriate what may have been assumed to have been an unused

Honorable George H. Sheppard, page 6

balance in "The Private Employment Agency Fund." Upon further examination, however, we find as emphasized in your letter, that the 46th Legislature simply appropriated "the unexpended balance of such fees for the purpose of supervising employment agencies . . . for each of the fiscal years ending August 31, 1940, and August 31, 1941." Since the 46th Legislature did not specify that the fees collected in 1940 and 1941 nor the "unexpended balance" in the "Private Employment Agency Fund" should be placed in a special fund, the effect was to place the unexpended balance from "The Private Employment Fund," together with the fees collected in 1940 and 1941, into what is commonly referred to as the general fund, thereby depleting the special fund created by the 45th Legislature. There then remained no balance on hand in "The Private Employment Agency Fund." The 47th Legislature appropriated no money to the "Private Employment Agency Fund" nor was any unexpended balance appropriated. The unexpended balance on hand on the effective date of House Bill No. 264 was not in any special fund nor in any other "such fund" as contemplated in the Act.

We cannot construe the language used as evincing a legislative intent to appropriate what you term the balance in the account carried on your books as the "Employment Agency Fee Account." This balance is not a balance in a special fund, but simply represents the difference between the amount of certain fees deposited to the credit of the general fund and the withdrawals from the general fund for certain authorized purposes. This comes about by virtue of the legislative practice, from time to time in the biennial appropriation bills, to measure the Labor Commissioner's authority to draw against certain appropriations from the general fund by the yardstick of the amount of fees that he deposited to the credit of the general fund. This is entirely different from a "special fund." The language used by the Legislature in this Act evidences the purpose to appropriate a balance in a "special fund," and in our opinion, the fact that the special fund does not exist does not authorize us to construe the bill to appropriate any sum of money from the general fund.

Your first three questions are therefore answered in the negative which renders an answer to question No. 4 unnecessary.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By E. P. Pharr
L. G. Pharr
Assistant

APPROVED APR 28 1942
Gerald C. Mann
ATTORNEY GENERAL OF TEXAS
EGP:db

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN